UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANDRIKA HICKS, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| TORRES CREDIT SERVICES, INC. | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |
| | ) |

## COMPLAINT

CHANDRIKA HICKS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19138.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 27 Fairview Street, Suite 301, Carlisle, PA 17015.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times herein, Defendant was attempting to collect a debt and contacted Plaintiff in its attempts to collect that debt.

11. The debt at issue arose out of transactions primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal family, or household purposes.

13. Beginning in or around late 2015, and continuing through May 2016, Defendant, through its agents and representatives, engaged in debt collection activities seeking payment from Plaintiff for the alleged furniture store debt.

14. Defendant's collectors repeatedly made harassing telephone calls to Plaintiff's cellular telephone number seeking to collect this alleged debt.

15. Defendant's harassing debt collection calls derived from numbers including, but not limited to (866) 756-6804.  The undersigned has confirmed that this number belongs to the Defendant.

16. When the calls began, Plaintiff spoke to one of Defendant's collectors and advised them to cease all telecommunication to her cellular number.

17. Defendant, despite the above, continued to call her.

18. On at least one occasion, Defendant acknowledged her request to stop the calls but responded in refusal stating that they were "not going to stop".

19. Moreover, Defendant's calls came at inconvenient times including

while Plaintiff was at school as well as at work.

20.     Also, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA.

21.     Defendant's actions as described herein, were taken with intent to annoy, abuse, and harass Plaintiff in connection with the collection of a debt.

## DEFENDANT VIOLATED THE <br> FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

22.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692d and §1692d(5).

    a.    A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §1692d and §1692d(5) of the FDCPA when placing repeated and continuous harassing telephone calls

to Plaintiff and when it continued calling Plaintiff's cellular phone even after repeatedly being told to stop.

## COUNT II

23. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692c(a)(1).

   a. A debt collector violates § 1692c(a)(1) if, without the prior consent of the consumer, given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

   b. Defendant violated § 1692c(a)(1) when it contacted Plaintiff at inconvenient times, such as while she was at work and while she was at school.

## COUNT III

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

   a. Defendant violated §1692g(a) of the FDCPA when it failed to provide Plaintiff with written notification of her rights to dispute the debt or to demand verification thereof within five (5) days of its first communication with Plaintiff.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, CHANDRIKA HICKS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHANDRIKA HICKS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 7-18-16                  By:    */s/ Amy Lynn Bennecoff Ginsburg*

AMY LYNN BENNECOFF GINSBURG
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com